UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA J. HUNTER,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br><br>    Defendant. | Case No. 19-cv-01531-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

Plaintiff Gloria Hunter representing herself brings this civil action regarding loans she obtained from Defendant Wells Fargo between 1998 and 2015. The Court previously dismissed Plaintiff's complaint and granted Plaintiff leave to amend. Following amendment, Wells Fargo has moved to dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim and as barred by the statute of limitations.[1] (Dkt. No. 34.) Having considered the parties' briefs, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the December 19, 2019 hearing, and GRANTS the motion to dismiss.

## **FACTUAL BACKGROUND**

### **A. First Amended Complaint Allegations**

The factual allegations underlying Plaintiff's claims are somewhat difficult to discern. Plaintiff alleges that she "has suffered an overpayment of loans which she has diligently been

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11.)

paying for the better part of four decades." (Dkt. No. 33, First Amended Complaint (FAC) at ¶ 6.) Although she "was free and clear of any debt she owed to Wells Fargo in 1998" she was "made to refinance loans for debt that she had already paid." (*Id.*) "The result is that from August 24, 1998 until this very day, Ms. Hunter has made payments that she does not owe." (*Id.*) She filed this action against "Wells Fargo Bank for fraudulently forcing her to unjustly enrich them through her diligent monthly payments." (*Id.*)

Plaintiff takes issue with Wells Fargo's conduct with respect to four different loans. First, a $60,000 loan in 1998 when Wells Fargo took over her 1981 loan from GMAC. (*Id*. at ¶ 7.) According to Plaintiff, she was free and clear of her GMAC loan when Wells Fargo took it over, but she was nonetheless given a $60,000 loan and although "Defendant has explained that some of that loan was used to pay off credit card debts, [it] cannot account for approximately $40,000 of that loan." (*Id.*) Second, a loan Plaintiff took out in 2004. (*Id*. at ¶ 8.) Third, Plaintiff refinanced the 2004 loan in 2005 with some of the 2005 loan going to pay off the 2004 loan and the remainder going "towards a lien that had been on her home at the time she purchased it," although Plaintiff believes she had paid off that lien in 1998. (*Id.*) Fourth, in 2015, Wells Fargo refinanced the 2005 loan, but this was improper because the 2005 loan should have been closed out through a 2012 reconveyance. (*Id*. at ¶¶ 9-10.) Although Plaintiff was issued a full reconveyance of her home in December 2016, Wells Fargo "is still collecting on it." (*Id*. at ¶ 12.)

### B. Procedural Background

On March 25, 2019, Plaintiff filed this civil action against Defendant Wells Fargo. (Dkt. No. 1.[2]) Defendant responded by filing a motion to dismiss. (Dkt. No. 9.) At the hearing on the motion to dismiss, Wells Fargo agreed to provide Plaintiff with an accounting of her loans and discuss any concerns she had regarding her loans. (Dkt. No. 24.) Wells Fargo thereafter provided Plaintiff with an accounting of her loans and copies of her financial records and the parties attempted to informally resolve the matter. (Dkt. No. 28.) At two subsequent status conferences, the parties updated the Court regarding their efforts. (Dkt. Nos. 29 & 32.) After the parties

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

advised the Court that they had been unable to resolve the matter, the Court directed Plaintiff to file an amended complaint which she has since done. (Dkt. No. 33.) Wells Fargo thereafter moved to dismiss again. (Dkt. No. 33.) Plaintiff filed an untimely one-page opposition to the motion to dismiss. (Dkt. No. 36.)

**DISCUSSION**

Plaintiff pleads three claims for relief: (1) "improper belated refinance of 2005 loan," (2) "improper collection of 1981 loan," and (3) "loan flipping scheme 1998-present." (Dkt. No. 33, FAC at 5-6.) Wells Fargo moves to dismiss these claims as failing to state a claim upon which relief could be granted under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and as barred by the statute of limitations.

**A. Plaintiff's First Claim for Misrepresentation/Fraud**

Plaintiff's first claim for relief is entitled "improper belated refinance of 2005 loan" and alleges that Wells Fargo told her she "had" to refinance the loan in 2015, that she did so based on "defendant's representation that this is something she was required to do," and "coercively convinced" her that she needed to refinance." (FAC at ¶¶ 16-19.) Given these allegations, Plaintiff appears to be arguing that Wells Fargo misrepresented the status of her loan and fraudulently convinced her to refinance.

Fraud requires "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies Inc.*, 30 Cal.4th 167, 173 (2003). The elements for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Federal Rule of Civil Procedure 9(b) requires that "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Each element of a fraud count must be pleaded with particularity so as to apprise the defendant of the specific grounds for the charge and enable the court to determine whether there is any basis for the cause of action." *Chapman v. Skype Inc.*, 220 Cal.App.4th 217, 231 (2013).

3

Plaintiff's conclusory allegations fail to satisfy Rule 9(b)'s strict pleading requirements. Plaintiff must allege the "who, what, when, where, and how" of the fraud. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Here, Plaintiff just alleges that Defendant told her she had to refinance, but does not specify who at Wells Fargo told her she had to do so, when they told her this, or where they told her she had to so. While Plaintiff's opposition brief states that it was someone from Wells Fargo who called her on the phone and identified themselves "as Wells Fargo," these facts are not alleged in FAC and Plaintiff does not allege the when, how, or why of the fraud. (Dkt. No. 36 at 2.) In particular, although Plaintiff alleges that she was debt free so there was no reason for her to refinance, she has not alleged that there were specific payments which Wells Fargo failed to credit to her account and she does not dispute that she signed the refinancing agreement and obtained an equity line of $216,000 when she refinanced in 2015. (FAC at ¶ 10; Dkt. No. 35, Ex. G.[3])

In addition, any fraud and/or misrepresentation claim also fails as barred by the statute of limitations. The statute of limitations for fraud and intentional misrepresentation is three years. Cal. Civ. Proc. Code § 338(d); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc*., 522 F.3d 1049, 1054 (9th Cir. 2008) (noting there is a three-year statute of limitations for claims grounded in fraud or mistake). These causes of action are "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." *Id*. Plaintiff does not allege any facts which suggest that she only recently discovered that Wells Fargo fraudulently coerced her to refinance; rather, Plaintiff alleges that she had already paid off the 2005 loan when she refinanced in 2015. Based on her own allegations then, Plaintiff knew the basis for her fraud/misrepresentation claim in 2015—that is, that she did not owe Wells Fargo any money, so

---

[3] Wells Fargo requests that the Court take judicial notice of deeds of trust and reconveyance recorded with the San Francisco County Recorder's Office in 1998, 2004, 2005, 2012, and 2015. (Dkt. No. 35.) Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.2012) (internal citation omitted). Accordingly, the Court GRANTS Wells Fargo's unopposed Request for Judicial Notice of Exhibits A-G which are part of the public record and easily verifiable.

there was no reason for her to refinance.

Plaintiff's reference to "equitable tolling" is unavailing. Under California law, equitable tolling exists to "toll[ ] the limitation period of a second action during the pendency of a first action later found to be defective." *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 923 (1983). Equitable relief based on a plaintiff's delayed prosecution of a claim could exist under California's "discovery rule" which delays accrual of a claim "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery Inc.*, 35 Cal.4th 797, 807 (2005). Here, however, Plaintiff does not allege she was unaware of the claim, but instead. that she "is a pro se litigant who is unable to litigate her claims on her own and must rely on the assistance of her family to bring these actions against Defendant." (Dkt. No. 36 at 2.) Plaintiff's pro se status and lack of familiarity with the legal system is not a basis for tolling the statute of limitations. "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Fox*, 35 Cal.4th at 807.

Accordingly, Plaintiff's fraud/misrepresentation claim fails to satisfy Rule 9(b) and is barred by the statute of limitations.

### B. Plaintiff's Second Claim for Breach of Fiduciary Duty

Plaintiff's second claim is entitled "improper collection of 1981 loan" and alleges that "Wells Fargo breached its fiduciary duty by failing to properly account for Ms. Hunter's payments and unjustly enriched [itself] by continuing to collect on a debt that she had already paid." (FAC at ¶ 23.) There is, however, no basis for a breach of fiduciary claim between a borrower and a lender. "A loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court of San Diego Cnty.*, 145 Cal.App.4th 453, 466 (2006). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095–96 (1991); *see also Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (holding that, as a matter of law, a fiduciary relationship presumptively does not exist between lender and borrower). Thus, to the extent that Plaintiff's second claim for relief is for

breach of fiduciary, it fails as a matter of law.

### C. Plaintiff's Third Claim for "Loan Flipping"

Plaintiff's third claim for relief is entitled "loan flipping scheme 1998-present." In support of this claim, Plaintiff alleges that Wells Fargo repeatedly induced her to "refinance an already paid off mortgage, each time charging fees for both the new loan and a prepayment penalty on the old loan." (FAC at ¶ 26.) She insists that "[i]n 1998 they improperly collected on the closed 1981 loan; refinanced it again in 2004, again in 2005, and again improperly and belatedly in 2015." (*Id.*) Loan flipping, however, is not itself a legal claim. *Carollo v. Vericrest Fin., Inc.*, No. C-11-4767 YGR, 2012 WL 909758, at *3 (N.D. Cal. Mar. 16, 2012). To the extent that Plaintiff alleges that Wells Fargo fraudulently induced her to successively refinance, that claim fails for the same reason as the first claim for relief fails—Plaintiff has not adequately pled a fraud claim and any such claim is barred by the three-year statute of limitations.

\*\*\*

Accordingly, Wells Fargo's motion to dismiss is granted. Because the Court previously granted Plaintiff leave to amend and she did not cure the pleading defects, the Court concludes that further leave to amend would be futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Even if Plaintiff could amend her claims to comply with Rule 9(b), her claims would still be barred by the statute of limitations, and she has not provided a basis for tolling the statute of limitations nor is the Court able to discern one from her filings.

### CONCLUSION

For the reasons stated above, the Court GRANTS Wells Fargo's motion to dismiss without leave to amend.

The Court will enter a separate judgment.

**IT IS SO ORDERED.**

Dated: December 12, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

6